UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Eddie Jones

    v.                                                              Case No. 21-cv-767-SE
                                                                   Opinion No. 2023 DNH 019
Warden, FCI Berlin

O R D E R

Eddie Jones seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a disciplinary proceeding and the sanction imposed on him while he was incarcerated at Federal Correctional Institution ("FCI") McKean in Lewis Run, Pennsylvania. After his disciplinary proceeding, the Bureau of Prisons ("BOP") transferred Jones to FCI Berlin in New Hampshire. Jones filed the § 2241 petition that is the subject of this action while incarcerated there. After he filed the petition, the BOP transferred him to United States Penitentiary ("USP") Lee in Virginia.

The warden moves to dismiss Jones's petition, or, in the alternative, for summary judgment. Doc. no. 9. He argues that the court lacks jurisdiction because Jones is no longer incarcerated in the District of New Hampshire.

Jones did not respond to the warden's motion. The lack of an objection to a motion to dismiss does not prevent the court from evaluating the motion on the merits. See Pinto v. Univ. of P.R., 895 F.2d 18, 19, 19 n.1 (1st Cir. 1990); LR 7.1(b).

After due consideration, the court determines that the warden is incorrect. Jones's transfer to a BOP facility in another district after he filed his § 2241 petition in this court while in this district does not deprive the court of jurisdiction over his petition.

As the warden acknowledges, this court recently addressed this same issue: whether the court loses jurisdiction in a § 2241 case when the BOP transfers a petitioner to another facility outside of its district after the court acquired jurisdiction because a petitioner filed his petition in the district where he was then incarcerated. Relying on Ex parte Endo, 323 U.S. 283 (1944) and Rumsfeld v. Padilla, 542 U.S. 426 (2004), the court held that the prisoner's transfer does not deprive the court of jurisdiction. See Fox v. Warden, FCI Berlin, 21-cv-158-SE, 2022 WL 1085311 (D.N.H. Apr. 11, 2022).[1]

The warden argues in his motion that the court wrongly decided Fox or, at the very least, that the court's holding should not apply in the circumstances of this case. The court is not convinced.

As the court noted in Fox, several circuit and district

---

[1] The warden did not move for reconsideration of the court's decision in Fox and instead moved for summary judgment on the ground that Fox had not exhausted administrative remedies. The court granted that motion. Fox v. Warden, FCI Berlin, 21-cv-158-SE, 2022 WL 3585816 (D.N.H. Aug. 22, 2022). The warden did not appeal the jurisdictional issue.

courts had previously considered the issue and concluded that a prisoner's transfer after a district court's jurisdiction attaches does not defeat jurisdiction over a habeas corpus petition. See In re Hall, 988 F.3d 376, 378-79 (7th Cir. 2021); Lennear v. Wilson, 937 F.3d 257, 263 n.1 (4th Cir. 2019); Pinson v. Berkebile, 604 F. App'x 649, 652-53 (10th Cir. 2015); McGee v. Martinez, 490 F. App'x 505, 506 (3d Cir. 2012); Owens v. Roy, 394 F. App'x 61, 62-63 (5th Cir. 2010). After the court issued the order in Fox, circuit and district courts have continued to reach the same conclusion for similar reasons. See Roberts v. LeJeune, 43 F.4th 695, 698 (7th Cir. 2022), reh'g denied, No. 18-1092, 2022 WL 5146194 (7th Cir. Sept. 29, 2022); Hoffman v. Warden Philadelphia FDC, No. 22-1327, 2022 WL 1564177, at *2 (3d Cir. May 18, 2022) (citing Argueta Anariba v. Dir. Hudson Cty. Corr. Ctr., 17 F.4th 434, 446 (3d Cir. 2021)); Thomas v. Williams, No. 21-cv-00194-NJR, 2022 WL 18027460, at 1 n.1 (S.D. Ill. Dec. 30, 2022); Neal v. United States Penitentiary Lee, No. 7:20CV00295, 2022 WL 3050640, at *1 n.1 (W.D. Va. Aug. 2, 2022); Kuljko v. Bayless, No. 4:20CV0994, 2022 WL 1912311, at *4 (N.D. Oh. June 3, 2022); Szafian v. Keyes, 22-cv-120-jdp, 2022 WL 2709084, at *1 n.1 (W.D. Wis. June 3, 2022).

    The warden disagrees with the analysis that this court and others have adopted as it pertains to the interpretation of

3

Endo, but offers no persuasive grounds to reconsider Fox's holding.

The warden does not dispute that a prisoner is required to bring a § 2241 petition in the district where he is incarcerated, which may not be the district where the underlying disciplinary proceeding was held. See Padilla, 542 U.S. at 434 (citing 28 U.S.C. § 2242). Jones properly filed his § 2241 petition in this court while he was incarcerated at FCI Berlin.[2] Therefore, this court had jurisdiction to consider the petition when it was filed.

Per Fox, this court did not lose jurisdiction when Jones was transferred to USP Lee in Virginia. Fox, 2022 WL 1085311, at *3-*4. The warden argues, nevertheless, that even if the court does not reconsider its holding in Fox, the jurisdictional analysis should be different in this case because the disciplinary proceeding was not held at FCI Berlin, and Jones is no longer incarcerated in this district. In other words, the

---

[2] Although the warden does not raise the issue, the court notes that Jones named the warden of FCI McKean as the respondent in his petition. The magistrate judge determined that Jones's petition survived preliminary review and directed the clerk's office "to update the docket to indicate the FCI Berlin, Warden is the respondent in this action." Doc. no. 3 at 1 n.1. The warden does not argue that his substitution as the respondent in this action impacts the court's jurisdiction. See generally Roberts, 43 F.4th at 698.

4

warden argues that Jones's connection to this district is so attenuated, neither Endo's nor Fox's holding should apply.

Regardless of the exact circumstances that led to this court's jurisdiction in this case, the fact remains that the court did acquire jurisdiction when Jones, then a prisoner at FCI Berlin, filed his § 2241 petition in this district. The warden offers no reason why the location of the challenged disciplinary proceeding would alter the legal implications of jurisdiction that has already attached and justify departing from this court's holding in Fox. The warden has not shown that this court lacks jurisdiction to decide the § 2241 petition in this case. The court therefore denies his motion.

## Conclusion

For the foregoing reasons, the warden's motion to dismiss or for summary judgment based on a lack of jurisdiction (document no. 9) is denied without prejudice to the warden's right to bring a summary judgment motion as to the merits of Jones's petition.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

February 22, 2023

cc: Eddie Jones, pro se.
    Seth R. Aframe, AUSA.